# BILLEK & YESALONIS

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
10 Parsonage Road
Suite 306
Edison, NJ 08837

Maxwell L. Billek
Also Admitted in Pennsylvania

Brian E. Yesalonis
Also Admitted in New York

Telephone: (732) 744-0666
Telefax: (732) 744-0033

March 3, 2009

Hon. Peter G. Sheridan
United States District Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

Re: **Almonte v. Morgan Funding**
Civil Action No. 2:07-cv-05993

**Thurston v. Morgan Funding Corp., et al.**
Civil Action No. 2:08-cv-0019

**Zurawski v. Morgan Funding Corp., et al.**
Civil Action No. 2:08-cv-00794

*[Handwritten note: So Ordered. Settlement conference is scheduled for March 12, 2009 at 11:30 AM in Trenton, N.J. Peter Sheridan]*

Dear Judge Sheridan:

Please be advised the undersigned represents defendants, Morgan Funding Corp, Daniel Mackle and Edwin Plata, relative to the above-captioned matters. It is my understanding that this matter has been scheduled for a settlement conference on Thursday, March 5, 2009 at 11:30 a.m. before Your Honor. Please accept the within correspondence as a request to adjourn the conferences.

This office has recently filed a Substitution of Attorney from the Price Meese law firm relative to some, but not all, of the group of cases filed by Koles, Burke & Bustillo against Morgan Funding and similar co-defendants. I have been provided with some paper discovery. I have not been provided with answers to interrogatories. No depositions have been taken.

Judge Sheridan
March 3, 2009
Page 2 of 2

    I have been asked to assume the defenses of Morgan Funding relative to several of these claims pursuant to an insurance contract. The insurance carrier has agreed, under a reservation of rights, to indemnify Morgan Funding for certain claims. However, the insurance company has not had an opportunity to obtain the discovery that they need in order to evaluate whether they wish to make an offer on these matters and, if so, the amount of any offer they wish to convey. I have discussed this matter with Eric Levine of the Wolff Samson firm on behalf of The Surety, and I have also discussed it with John Edwards from Price Meese on behalf of Morgan Funding as personal counsel to Morgan Funding on the remaining claims. It is my understanding from both Mr. Levine and Mr. Edwards that The Surety, Dan Mackle (individually) and Morgan Funding do not have any money to make an offer to the plaintiffs at this time. Accordingly, I must ask the court for an adjournment of the conference.

    If the court wishes to bring all of the parties together for a status conference or case management conference, I would submit that perhaps one would be very useful. I would like to point out to the court's attention that I have a scheduling conflict on that date. At 1:30 p.m., I must present a case to the Insurance Commissioners for the Middlesex County Joint Insurance Fund. The matter of <u>Mendoza v. Middlesex County</u> is scheduled for trial on Monday, March 9, 2009. The monthly meeting of the Insurance Commissioners takes place on the first Thursday of each month. The Commissioners will be meeting on Thursday, March 5, 2009 at 1:30 p.m. in New Brunswick, New Jersey. I am designated trial counsel in the <u>Mendoza</u> case, and I must present to the Commissioners before the commencement of trial. Therefore, if the court denies my request to adjourn the conference, I will ask my partner, Brian Yesalonis, to attend.

    Thank you for your kind consideration.

Respectfully submitted,

*[signature]*

MAXWELL L. BILLEK

MLB:lac
cc:    All Counsel